**Guillermo Cruz TRUJILLO, Plaintiff-Appellant,**

v.

**GOMEZ, C/O; et al., Defendants-Appellees.**

No. 16-16567

United States Court of Appeals, Ninth Circuit.

Submitted April 11, 2017 *

Filed April 19, 2017

Guillermo Cruz Trujillo, Pro Se

Andrea R. Sloan, AGCA-Office of the California Attorney General, Sacramento, CA, Zewugeberhan Desta, AGCA—Office of the California Attorney General, San Francisco, CA, for Defendants-Appellees

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

MEMORANDUM **

Guillermo Cruz Trujillo, a California state prisoner, appeals pro se from the district court's judgment dismissing for failure to exhaust administrative remedies his 42 U.S.C. § 1983 action alleging excessive force. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc) (legal rulings on exhaustion); *Knievel v. ESPN*, 393 F.3d 1068,

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1072 (9th Cir. 2005) (Fed. R. Civ. P. 12(b)(6) motion to dismiss). We affirm.

The district court properly dismissed Trujillo's action because it was clear from the face of the amended complaint that Trujillo failed to exhaust his available administrative remedies prior to filing his lawsuit. *See McKinney v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (exhaustion must be completed before a § 1983 action is filed; exhaustion during the pendency of the litigation is insufficient because exhaustion is a precondition to suit); *see also Albino*, 747 F.3d at 1169 ("[W]here a failure to exhaust is clear from the face of the complaint, a defendant may successfully move to dismiss under Rule 12(b)(6) for failure to state a claim.").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.